

**SO ORDERED.**
**SIGNED this 29th day of February, 2016**

**THIS ORDER HAS BEEN ENTERED ON THE DOCKET.**
**PLEASE SEE DOCKET FOR ENTRY DATE.**

_____
Nicholas W. Whittenburg
**UNITED STATES BANKRUPTCY JUDGE**

_____

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE EASTERN DISTRICT OF TENNESSEE

IN RE:  
DAMON M ANGLE  
      Debtor(s)

CASE NO. 16-10005 NWW

CHAPTER 13

### *A M E N D E D*
### ORDER CONFIRMING CHAPTER 13 PLAN

    The chapter 13 plan in this case or summary thereof having been transmitted to scheduled creditors, and it having been determined that the plan as finalized complies with 11, U.S.C. §1325 and should be confirmed, the court directs the following:

1. The plan, a copy of which is attached is confirmed.
2. Property of the estate does not vest in the debtor(s) until completion of the plan.
3. Attorney for the debtor(s) is awarded the fee set forth in the plan, to be paid by the chapter 13 trustee through the plan.
4. All pending objections, if any, to confirmation are resolved, withdrawn, or overruled.

                        ###

Approved for Entry By:
/s/ Kara L. West
Kara L. West
Chapter 13 Standing Trustee
P.O. Box 511, Chattanooga, TN 37401
(423) 265-2261

LOCAL FORM 3015.1

# United States Bankruptcy Court
## Eastern District of Tennessee

In re  **Damon Michael Shawn Angle**

Debtor(s)

Case No. _____

Chapter  **13**

### CHAPTER 13 PLAN

☑ *Original* ☐ *Amended*
*Dated:* __January 4, 2016__

**1. Payments and Term.**
The debtor will pay the chapter 13 trustee $ **681.00 per two (2) weeks** by __wage order__ and the following additional monies: __**NONE**__. All payments will be made by trustee unless denoted as "pay direct" or "pay outside of plan."

**2. Priority Claims (including administrative expenses).**
(a) All administrative expenses under 11 U.S.C. §§ 503(b) & 1326 will be paid in full, including fees to the debtor's attorney in the amount of $ **3,000.00**, less $ **0.00** previously paid by the debtor.
(b) Except as provided in paragraph 6 below, claims entitled to priority under 11 U.S.C. § 507 will be paid in full deferred cash payments, with tax claims paid as priority, secured, or unsecured in accordance the filed claim. Child support arrearage claim shall be subject to the automatic stay and shall be paid by the Chapter 13 Trustee. Current support shall be paid outside the Chapter 13 Plan directly by debtor unless stated in Paragraph 6.
(c) secured tax claims shall be paid in accordance with Paragraph 3. Section 1305 claims shall not be paid. Debtor reserves the right to object to a 1305 claim at any time.

**3. Secured Claims.**
(a) *Cramdowns*. The holders of the following allowed secured claims retain the liens securing such claims and will be paid by the trustee the value of the security in the manner specified below. The portion of any allowed claim that exceeds the value indicated will be treated as an unsecured claim under paragraph 4(a) below.

| Creditor | Collateral | Value | Monthly Payment | Interest Rate |
|---|---|---|---|---|
| Friendly Auto | 2002 Dodge Ram | $5000.00 | $150.00 | 3% |
| Wells Fargo Dealer Services | 2008 Nissan Altima 130,000 miles | $3,000.00 | $100.00 | 3% |

(b) *Surrender*. The debtor will surrender the following collateral and the creditor will have an allowed deficiency claim which will be paid as unsecured under paragraph 4(a) below.

| Creditor | Collateral to Be Surrendered |
|---|---|
| -NONE- | |

( C ) Long-Term Mortgages and Mobile Homes. The holders of the following claims will retain their liens and will be paid monthly maintenance payments, which will extend beyond the life of the plan. Any arrearage amount set forth below is an estimate; arrearage claims will be paid in full in the amount of the filed claim. Absent an objection. The amount of any maintenance payment to be paid pursuant to 11 U.S.C. Section 1322(b)(5) will be paid and adjusted in accordance with the filed claim and any subsequent notice of mortgage payment, absent any objection. Amounts claimed pursuant to notice(s) of post-petition fees and expenses will be paid with first available funds, absent an objection. The filing of the notice of mortgage payment change or notice of post-petition fees or expenses shall be considered notice to the parties in interest of such plan payment change or increased amount of secured debt; no further notice or filing is required by the trustee or debtor. The secured creditor must advise of the need for monthly change promptly and in accordance with Fed. R. Bankr. P. 3002.1. Pursuant to 11 U.S.C. Section 1322(b)(3) and (10) all maintenance payments shall be deemed current upon the conclusion of the case or discharge, and all post-petition defaults are waived. No late charges shall accrue on any secured claim which is maintained in the plan or during the case pursuant to 11 U.S.C. Section 1322(b)(5). Pursuant to 11 U.S.C. Section 1322(b)(3), any secured creditor that fails to file a claim waives any

default or charges resulting from non-payment.

| Creditor | Estimated Arrearage | Arrearage Interest Rate | Arrearage Monthly Payment | Maintenance Payment | Payment By: (Trustee or Debtor) |
|---|---|---|---|---|---|
| M & T Bank | $8000.00 | | $140.00 | $900.00 | Trustee |

(A)    Affirmative Duties of Holder

Confirmation of the plan shall impose an affirmative duty on the holders of any claims secured by liens, mortgages and/or deeds of trust on the principal residence of the Debtors, and on servicers who file claims on behalf of the holders of such secured claims, their successors and assigns (collectively, the "Holder") to do all of the following:

(1)    To apply the payments received from the Trustee on the pre-petition arrearage, if any, only to such arrearage. For purposes of this plan, the "pre-petition arrearage" shall (i) include all sums included in the Holder's "allowed" proof of claim, (ii) include all amounts necessary to cure any default as of the date of the petition and shall (iii) have a "0" balance upon entry of the Discharge Order in this case.

(2)    To deem the pre-petition arrearage as contractually current upon confirmation of the plan, thereby precluding the imposition of late payment charges or other default-related fees and services based on the pre-petition default or defaults.

(3)    To apply the post-petition monthly mortgage payments paid by the Trustee or by the Debtors to the month in which each payment is designated to be made under the plan or directly by the Debtors, whether or not such payments are immediately applied by the creditor in the outstanding loan balance or are placed into some type of suspense, forbearance, or similar account.

(4)    To notify the Trustee, the Debtors, and the attorney for the Debtors, in writing, of any changes in the interest rate for any non-fixed rate or adjustable rate mortgages and the effective date of any such adjustment or adjustments not less than 60 days in advance of such change or at such time as the change becomes known to the Holder if the change is to be implemented in less than 60 days.

(5)    To notify the Trustee, the Debtors, and the attorney for the Debtors, in writing, of any changes in the property taxes and/or property insurance premiums that would either increase or reduce the escrow portion, if any, of the post-petition monthly mortgage payments and the effective date of any such adjustment or adjustments not less than 60 days in advance of such change or at such time as the change becomes known to the Holder if the change is to be implemented in less than 60 days.

(B)    Notice and Resolution of Default Amounts and Postpetition Accruals.

(1)    Holder shall file and serve on the Debtor, Debtor's attorney, and the Trustee a notice that itemizes all fees, expenses, charges or other amounts incurred, but not actually paid by the Trustee, in connection with the Holder's claim after the bankruptcy case was filed, and that the Holder asserts are recoverable against the Debtor or against the Debtor's principal residence, in addition to the amount of the prepetition arrearage. The notice shall be filed as a supplement to the Holder's proof of claim and shall be added to the amount reflected in the claim as the pre-petition arrearage (the pre-petition arrearage and any supplemental amounts are referred to as the "Cure Amount"). The notice shall be served no later than 180 days after the date when the fees, expenses, charges or other amounts are incurred. On motion of the debtor or trustee filed no later than one year after service of the notice, the court shall after notice and hearing, determine whether payment of the fees, expenses, charges or other amounts are required by the underlying agreement and applicable nonbankruptcy law to cure a default or maintain payments in accordance with Section 1322(b)(5) of the Bankruptcy Code.

(2) No later than 30 days after making final payment of the Cure Amount on Holder's claim, the Trustee shall file and serve upon the Holder, the Debtor, and the Debtor's counsel a notice stating that the amount required to cure the default has been paid in full ("Final Payment Notice"). If the Debtor contends that the final payment on the Cure Amount has been made and the Trustee does not timely file and serve the notice required by this subdivision, the Debtor may file and serve upon the Holder and the Trustee a Final Payment Notice stating that the amount required to cure the default has been paid in full. No liability shall result from any non-willful failure of the Trustee to file the Final Payment Notice authorized herein.

(3) No later than 21 days after service of the Final Payment Notice, the Holder shall file and serve on the Debtor, the Debtor's attorney, and the Trustee a statement indicating (i) whether it agrees that the Debtor has paid in full the amount required to satisfy the Cure Amount, and (ii) whether, consistent with Section 1322(b)(5) of the Bankruptcy Code, the Debtor is otherwise current on all payments (this statement is referred to as the "Default Statement"). If applicable, the Default Statement shall itemize any required cure or post-petition amounts that the Holder contends remain unpaid as of the date of the Default Statement. The Default Statement shall be filed as a supplement to the Holder's proof of claim.

(4) On motion of the Debtor or Trustee filed no later than 21 days after service of the Default Statement, the court shall, after notice and a hearing determine whether payment of the fees, expenses, charges or other amounts is required by the underlying agreement and applicable nonbankruptcy law to cure a default or maintain payments in accordance with Section 1322(b)(5) of the Bankruptcy Code.

(5) If the Holder fails to provide any information required by subdivisions (a) or (c) of this subparagraph B, the Holder shall be precluded from presenting the omitted information in any hearing or adversary proceeding in the case, unless the court determines that the failure was substantially justified or is harmless. In addition to or in lieu of this sanction, the court may, after notice and hearing, award other appropriate relief, including reasonable expenses and attorney's fees caused by the Holder's failure.

(C) Reinstatement of Mortgage

The Holder shall adhere to and be governed by the following:
If the Debtor pays (i) the Cure Amount, (ii) any obligations reflected on the Default Statement agreed, or determined by the court, to be owing, and (iii) makes all required post-petition payments, the mortgage will, at the conclusion of the plan, be reinstated according to its original terms, extinguishing any right of the Holder to recover any amount alleged to have arisen prior to the filing of the petition.

(D) Costs of Collection.

Costs of collection incurred by the Holder after the filing of this bankruptcy case, including attorneys' fees, shall be claimed pursuant to subparagraph (B), (1) or (3) above. No late fees shall be incurred or demanded due to administrative delays by the Trustee's office.

(E) *De Novo Review*. Notwithstanding any provision of this plan, the secured status and classification of any purported secured claim are subject to *de novo* review on the request of any party in interest made within 90 days following the filing of the claim or the expiration of the deadline for filing proofs of claim, whichever comes later.

**4. Unsecured Claims.**
(a) *Nonpriority*. Except as provided in paragraph 3b) and in paragraph 6 below, allowed nonpriority unsecured claims will be paid: __100__ %.

(b) *Post-petition*. Claims allowed under 11 U.S.C. § 1305 will not be paid.

**5. Executory Contracts and Unexpired Leases.** Except the following which are assumed, all executory contracts and unexpired leases are rejected, with any claim arising from the rejection to be paid as unsecured as provided in paragraph 4(a) above:

*Other Party to Contract*
**-NONE-**

*Property Description and Treatment by Debtor*

**6. Special Provisions.** (such as cosigned debts, debts paid by third party, student loans, special priority debts)

Pay Child Support outside of the plan directly to Payee.

All property shall remain property of the estate after confirmation.

/s/Mark G. Rothberger
**Mark G. Rothberger 6216
Suite 412
2158 Northgate Park Lane
Chattanooga, TN 37415
423-756-8815
6216**

*/s/ Damon Michael Shawn Angle*